# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

James Blankenship,

              Petitioner,                  Case No. 2:18-cv-640

      v.                            District Judge Michael H. Watson
                                           Magistrate Judge Michael R. Merz

Norman Robinson, Warden,
  London Correctional Institution,

              Respondent.

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner James Blankenship under 28 U.S.C. § 2254, is before the Court for determination of Petitioner's Objections, ECF Nos. 17, 22, to the Magistrate Judge's original Report and Recommendations ("Report"), ECF No. 14, and Supplemental Report and Recommendations ("Supplemental Report"), ECF No. 19.

Pursuant to Fed.R.Civ.P. 72(b), a District Judge is to review *de novo* any portions of a Magistrate Judge's report and recommendations on the merits of a habeas corpus petition. Having conducted that *de novo* review, the Court concludes Petitioner's Objections are without merit. Accordingly, the Report and Supplemental Report are **ADOPTED**, and the Petition will be ordered **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL AND PROCEDURAL OVERVIEW

On July 24, 2015, the Delaware County, Ohio, Grand Jury indicted Petitioner on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32(A)(1) (Count 1); ten counts of breaking and entering in violation of Ohio Revised Code § 2911.13(A) (Counts 2, 4, 5, 7–9, and 11–14); and three counts of safecracking in violation of Ohio Revised Code § 2911.31(A) (Count 3, 6, 10).  State Court Record, ECF No. 4, Ex. 1, PageID 23–30.  Count Thirteen was dismissed on motion for acquittal and Count Fourteen was not presented to the trial jury, which convicted Blankenship on all the remaining counts.  *Id.* at Ex. 3, PageID 33–34.  He was then sentenced to nine and one-half years imprisonment, the term he is now serving.  The Fifth District Court of Appeals affirmed, except for a remand to impose post-release control properly.  *State v. Blankenship,* No. 16 CAA 0024, 2017-Ohio-7267 (Ohio App. 5th Dist. Aug. 16, 2017) ("*Blankenship I*"); appellate jurisdiction declined, 151 Ohio St. 3d 1512, 2018-Ohio-365.

Subsequently, Blankenship filed an Application to Reopen his direct appeal under Ohio R.App.P. 26(B) on grounds his appellate counsel should have raised an insufficiency of the evidence claim.  State Court Record, ECF No. 4, Ex. 16, PageID 168–77.  The Fifth District declined to reopen the appeal (*State v. Blankenship*, No. 16 CAA 06 0024 (Ohio App. 5th Dist. Dec. 26, 2017) unreported, copy at State Court Record, ECF No. 4, Ex. 18, PageID 202-08

("*Blankenship II*")), and the Supreme Court of Ohio again declined appellate

jurisdiction.  152 Ohio St. 3d 1449, 2018-Ohio-1600.

Blankenship then filed his Petition in this Court pleading three grounds for

relief:

> **Ground One:** There was insufficient evidence submitted to the jury to sustain a conviction as to Count VII of the indictment.
>
> **Supporting Facts:** The State failed to present any evidence at all that the Defendant, or any of his alleged co-conspirators, committed a breaking and entering at the Delaware County Humane Society as alleged in Count VII of the indictment. The complete lack of any direct or circumstantial evidence in support of the conviction makes it constitutionally unsound. The State's case on this Count of the indictment is supported only by speculation and conjecture and not
> by any evidence at all.
>
> **Ground Two:** There was insufficient evidence that any criminal conduct occurred in Delaware County, Ohio and the State of Ohio failed to provide any evidence that Delaware County had jurisdiction over this case.
>
> **Supporting Facts:** The State of Ohio tried this case in Delaware County, Ohio but it failed to provide any evidence that Blankenship committed any crime in Delaware County, nor did the State present any evidence that Blankenship knew of, conspired with, or had any associate engage in any criminal conduct in Delaware County, Ohio. There was insufficient evidence to try the Defendant in Delaware County. Because the State failed to provide any evidence that venue was proper in Delaware County, the Petitioner was denied Due Process of Law when he was tried in Delaware County, Ohio.

**Ground Three:** The Petitioner received ineffective assistance of counsel on appeal in violation of the Sixth Amendment to the U.S. Constitution.

**Supporting Facts**: Petitioner received ineffective assistance of counsel in his direct appeal when appellate counsel failed to argue that the state failed to present sufficient evidence that the Petitioner engaged in any enterprise or pattern of corrupt activity as defined by the state RICO statute. Appellate counsel filed to raise a meritorious assignment of error that would have resulted in reversal and the Petitioner was prejudiced as a result.

Petition, ECF No. 1, PageID 5, 6, 8.  The Warden raised no affirmative procedural defenses, but defended the conviction on the merits.  Return, ECF No. 5, PageID 282–83.

## II.    ANALYSIS

### A. Ground One:  Insufficient Evidence on Count Seven

In his First Ground for Relief, Blankenship asserted there was insufficient evidence to convict him on Count Seven of the Indictment charging him with breaking and entering the Delaware County Humane Society at a given address in Delaware, Ohio.  *Blankenship I*, 2017-Ohio-7267, at ¶¶ 17–18, citing State Court Record, ECF No. 4, Ex. 1, PageID 26.  The Fifth District Court of Appeals reviewed this claim under the appropriate United States Supreme Court precedent, *Jackson v. Virginia*.  *Blankenship I*, 2017-Ohio-7267, ¶ 22, citing 443 U.S. 307 (1979).  The Magistrate Judge's Report quotes the Fifth District's opinion on this at length.  ECF No. 14, PageID 1403–09.  Noting that Supreme Court precedent requires deference to state court decisions on constitutional

questions which are not objectively unreasonable, the Magistrate Judge found the Fifth District's decision on the sufficiency of the evidence was an appropriate application of *Jackson*, and recommended Ground One be dismissed on the merits.  *Id.* at PageID 1414.

In his Objections, Petitioner admitted that the State had produced sufficient evidence that someone had broken into the Delaware County shelter on the day he was charged with breaking in, but claimed that the circumstantial evidence relating to all the other animal shelter break-ins within one month's time and the admissions of co-participation in many of those crimes by his two co-participants, Corby Creech and Toni Beers, is insufficient.  After the Magistrate Judge explained and reiterated his conclusion, *see* Supplemental Report, ECF No. 19, PageID 1431–34, Blankenship maintained his objection.  ECF No. 22, PageID 1445–47.

The Court **OVERRULES** Blankenship's insufficiency of the evidence claim and objections.  The constitutional test under *Jackson v. Virginia* is whether any rational juror, construing the evidence most strongly in favor of the prosecution, could have found the Petitioner guilty.  The decision of the Fifth District on the evidence that court summarized is clearly a reasonable application of *Jackson*.

Blankenship also objects to the Magistrate Judge's allowing of the inference from the fact that his cellphone was in the vicinity of some of the break-ins to the fact that it was on his person.  He points to the testimony of his father at trial that sometimes when he would call Petitioner, either Creech or Beers

would answer.  Supp. Objections, ECF No. 22, PageID 1447–48.  While that weakens the inference, it does not destroy it.  Cellphones are designed to be carried on the person of the owner.  Yes, sometimes they are left on surfaces in areas shared with others who may answer the phone.  But the only other persons who are shown to have answered this cellphone are person who lived with Petitioner.  There was no evidence that either Creech or Beers answered Blankenship's cellphone at a time when the State's celltower evidence showed the cellphone to be near the site of a break-in.

Circumstantial evidence is rarely completely conclusive; even DNA evidence gets reported in probabilistic terms.  But circumstantial evidence does not have to support only one inference to be admissible and probative.  Here the inference from a particular cellphone's being Blankenship's to his presence where the phone was found to have been is completely reasonable.  It was therefore not an error to admit this evidence or for the jury to rely on it, in part, in reaching its verdicts.

### B. Ground Two: Insufficient Proof of Venue

Although Blankenship had pleaded insufficient proof of venue in Ground Two, he voluntarily withdrew this claim in his Traverse.  ECF No. 12, PageID 1390.

### C. Ground Three: Ineffective Assistance of Appellate Counsel

In his Third Ground for Relief, Blankenship claimed he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an

assignment of error that there was insufficient evidence to convict him of violating Ohio's RICO statute, Ohio Revised Code § 2923.32(A)(1).  The Magistrate Judge's Report notes that Blankenship appropriately raised this claim in an application to reopen his direct appeal under Ohio R.App.P. 26(B), and the Fifth District denied it on the merits.  ECF No. 14, PageID 1417, citing *Blankenship II*, State Court Record, ECF No. 4, Ex. 18, PageID 204–08.

The question for this Court, then, is whether the Fifth District's decision was a reasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), as it applies to appellate counsel.  The Magistrate Judge concluded that it was, and the Court agrees.  It is a question of Ohio law what facts must be shown to establish the existence of an "enterprise" under the Ohio Racketeering Influenced and Corrupt Organizations ("RICO") statute and the Fifth District held that there was such evidence, implying that an assignment of error claiming the contrary would have been without merit.  The Report also found:

> Contrary to Blankenship's argument that there was no enterprise, there was testimony that the three co-conspirators lived together in the same household continuously during the period of the sixteen crimes, that the crimes followed a remarkably parallel pattern (time of day, identity of target, etc.). *Blankenship I*, 2017-Ohio-7267, ¶¶ 36, 38. There was further testimony from Beers that Blankenship and Creech paid the bills of the household but neither was gainfully employed in a legitimate job. *Id.* at ¶ 35.

(ECF No. 14, PageID 1418.)

It cannot be ineffective assistance of appellate counsel to fail to raise an

assignment of error which is without merit. The Fifth District essentially found that it would not have granted relief on this omitted assignment of error because the evidence was sufficient to prove the existence of an "enterprise" as that element is defined under Ohio RICO law.

### III.    CONCLUSION

In accordance with this analysis, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendations and Supplemental Report and Recommendations. The Petition is ordered to be **DISMISSED WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability in that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous, and Petitioner should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**